coal tar have been eliminated, and other substances added. 49 Fed. Rep. 272, affirmed.

**2. SAME—CHEMICAL SALTS.**
Under this rule, napthionate of soda is dutiable as a preparation of coal tar, and not as a chemical salt, under the subsequent provision of the act, (22 Stat. 494; Tariff Ind. New, par. 92,) imposing a duty of 25 per cent. on "all chemical compounds and salts" not specially provided for. 49 Fed. Rep. 272, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by the Roessler & Hasslacher Chemical Company to review a decision of the board of general appraisers. The circuit court reversed the decision of the board of appraisers. 49 Fed. Rep. 272. The United States appeal. Affirmed.

James J. Van Rensselaer, Asst. U. S. Atty., (Edward Mitchell, U. S. Atty., on the brief.)

Albert Comstock, (Comstock & Brown, on the brief,) for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We concur in the opinion of the learned circuit judge who decided this case in the court below. Judgment affirmed.

---

## In re W. J. MATHESON & CO., Limited.

(Circuit Court of Appeals, Second Circuit. May 17, 1892.)

### No. 65.

**1. CUSTOMS DUTIES—CLASSIFICATION—PREPARATIONS OF COAL TAR.**
The provision of the tariff act of March 3, 1883, (22 Stat. 493; Tariff Ind. New, par. 83,) imposing a duty of 20 per cent. on "all preparations of coal tar, not colors or dye," not specially provided for, applies to a product the determining characteristic of which is something which it has received from coal tar, notwithstanding some of the constituents of coal tar have been eliminated, and other substances added. 49 Fed. Rep. 272, affirmed.

**2. SAME—CHEMICAL COMPOUNDS.**
Under this rule, tolidine base and binitrotoluole are dutiable as preparations of coal tar, and not as chemical compounds, under the subsequent provision of the act, (22 Stat. 494; Tariff Ind. New, par. 92,) imposing a duty of 25 per cent. on "all chemical compounds and salts" not specially provided for. 49 Fed. Rep. 272, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by W. J. Matheson & Co., Limited, to review a decision of the board of general appraisers. The circuit court reversed the decision of the board of appraisers. 49 Fed. Rep. 272. The United States appeal. Affirmed.

James J. Van Rensselaer, Asst. U. S. Atty., (Edward Mitchell, U. S. Atty., on the brief.)

Albert Comstock, (Comstock & Brown, on the brief,) for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We concur in the opinion of the learned circuit judge who decided this case in the court below. Judgment affirmed.

### DALY v. WEBSTER et al.

(Circuit Court of Appeals, Second Circuit. October 4, 1892.)

**1. COPYRIGHT—FILING COPY OF TITLE OF WORK—VARIANCE.**

The copy of the title of a play, filed to obtain copyright under Act Feb. 3, 1831, (4 Stat. 436,) was, "Under the Gaslight, A Romantic Panorama of the Streets and Homes of New York." The title of the play published was, "Under the Gaslight, A Totally Original and Picturesque Drama of Life and Love in These Times, in Five Acts." *Held*, that there was no material variance. The title of the play, within the meaning of the act,—being the name to be given to it by the public, and by those who might buy and sell it,—was, "Under the Gaslight;" the remaining words being mere description of the general character of the work, apparently not intended, and not in fact used, as any part of the title. 47 Fed. Rep. 903, and 39 Fed. Rep. 265, reversed.

**2. DOCUMENTARY EVIDENCE—PUBLIC RECORDS.**

In the office of the clerk of a United States district court, in which titles and copies of copyright works were deposited to obtain copyright under Act Feb. 3, 1831, (4 Stat. 436,) a book of original entry was kept, in which the clerk having charge of the matters made, in regular course of business, daily, as articles were presented, entries of the titles, when tendered, the nature of the articles on which copyrights were sought, the dates of the applications, and the times when the articles were deposited. *Held*, that an entry therein, showing the deposit of a copyright work,— the clerk who made it having since died,—was, in the absence of any proof to the contrary, sufficient evidence of such deposit, although the duty to make the entry was imposed on the clerk, not by express statute or order of court, but by direction of his superior officers, and the rules and practice of the office.

**3. COPYRIGHT—DRAMATIC COMPOSITION.**

A scene in a play represented a person put in peril of his life by being placed by another on a track over which a railroad train was momentarily expected to arrive, and so fastened that he could not move from his dangerous position, and his rescue by a third person who, surmounting various obstacles, succeeded, at the last moment, in releasing him. It was displayed before the audience by a series of incidents grouped in a certain sequence, and realistically presented, but with very little dialogue. *Held*, that such combination of dramatic events, although its success was largely dependent on what was seen, irrespective of the dialogue, was a dramatic composition, entitled to protection under the copyright laws. Daly v. Palmer, 6 Blatchf. 256, followed.

**4. SAME—EXTENT OF RIGHT—INFRINGEMENT.**

It appeared that such incidents of peril from railroad trains, and rescue therefrom, were common literary property, and that the composition was novel only by reason of the introduction of the rescuer. *Held*, that the copyright must be confined closely to the particular story, and that a representation which dispensed with the presence of the rescuer told a substantially different story, and was not an infringement.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Suit by Augustin Daly against George P. Webster and William A. Brady, impleaded with Henry C. Miner, for in-